SO ORDERED.

Dated: April 15, 2010



_____
CHARLES G. CASE, II
U.S. Bankruptcy Judge

Ronald M. Horwitz, #005655
Janessa E. Koenig, #018618
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000
jek@jaburgwilk.com

Attorneys for Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JOHN C. MAAS and JUDI-ANN MAAS,<br><br>Debtors.<br><br>WELLS FARGO BANK, N.A.,<br><br>vs<br><br>JOHN C. MAAS and JUDI-ANN MAAS, and RUSSELL BROWN, Trustee,<br><br>Respondents. | Chapter 13<br><br>Case No. 2-09-bk-31071-CGC<br><br>**ORDER REGARDING PLAN OBJECTION AND AVOIDANCE OF JUNIOR LIEN HELD BY WELLS FARGO BANK, N.A.** |

Pursuant to the Stipulation Regarding Plan Objection and Avoidance of Junior Lien Held by Wells Fargo Bank, N.A. entered into by and between John C. Maas and Judi-Ann Maas (hereinafter referred to as "Debtors"), and Wells Fargo Bank, N.A. (hereinafter referred to as "Wells Fargo"), and good cause appearing therefore,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Debtors are the makers of a SmartFit Home Equity Account Agreement and Disclosure Statement dated March 1, 2006, under which the Debtors received a line of credit from Wells Fargo in the principal amount of $50,000.00 ("the HELOC"), which is secured by a third position Deed of Trust ("Third Deed of Trust") in favor of Wells Fargo dated March 1, 2006, and recorded on March 27, 2006 with the Maricopa County Recorder's Office at Instrument No. 2006-040130, encumbering the real property located

13016-90723/JEK/JEK/794375_v1

at 3773 E. Bart St., Higley, Arizona 85236-5618 (the "Subject Property"). The Subject Property is legally described as follows:

> Lot 81, of Bella Vista Amended, According to the Plat of Record in the Office of the County Recorder of Maricopa County, Arizona, Recorded in Book 579 of Maps, Page 35.

The HELOC and Third Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

2. Wells Fargo's claim secured by the Third Deed of Trust shall be treated, classified and allowed as a non-priority general unsecured claim in the Debtors' Chapter 13 Plan, SUBJECT TO THE FOLLOWING CONDITIONS:

    A. The avoidance of Wells Fargo's Third Deed of Trust is contingent upon the confirmation of the Debtors' Chapter 13 plan;

    B. The avoidance of Wells Fargo's Third Deed of Trust is contingent upon the Debtors' full performance and completion of their Chapter 13 plan; and

    C. The avoidance of Wells Fargo's Third Deed of Trust is contingent upon the Debtors' receipt of a Chapter 13 discharge.

3. Upon receipt of the Debtors' Chapter 13 discharge and completion of their Chapter 13 Plan, Wells Fargo shall, after receipt of notice of said discharge, promptly record a reconveyance of its Third Deed of trust against the Subject Property with the Maricopa County Recorder's Office;

4. Wells Fargo shall retain its lien for the full amount due under the Subject Loan and Third Deed of Trust, and Wells Fargo's lien shall not be avoided, and Wells Fargo's claim shall be treated as a secured claim, in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

5. In the event that the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Wells Fargo's Third Deed of Trust prior to the Debtors' completion of their Chapter 13 Plan and receipt of a Chapter 13

13016-90723/JEK/JEK/794375_v1

discharge, Wells Fargo's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale; and

     6.    The terms of this Order shall be incorporated by reference in an Order confirming the Debtor's Chapter 13 Plan.

DATED this _____ day of _____, 2010.

_____
Honorable Charles G. Case, II

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

3

13016-90723/JEK/JEK/794375_v1